IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETH BROWNSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MEDLINE INDUSTRIES INC., | ) | FILED: JUNE 11, 2009 |
| and JOSEPH BECKER, | ) | 09CV3552 |
| | ) | JUDGE CASTILLO |
| Defendants. | ) | MAGISTRATE JUDGE ASHMAN |
| | | CH |

**COMPLAINT**

Now comes the Plaintiff, Beth Brownstein, by and through her attorneys, The Law Offices of Laurie J. Wasserman, and complains against Medline Industries, Inc. and Joseph Becker, as follows:

**I.   NATURE OF THE ACTION**

1.   This is a cause of action for damages and injunctive relief because of Defendant Medline Industries Inc.'s ("Medline") unlawful retaliation against Plaintiff Beth Brownstein ("Ms. Brownstein") for opposing sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and Medline's and Defendant Joseph Becker's ("Becker"), failure to pay wages in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Portal-to-Portal Act, 29 USC §251 *et seq.*

**II.   JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(3).

3.   Ms. Brownstein has fulfilled all conditions precedent to the institution of this action pursuant to 42 U.S.C. §2000e-5(f)(1).

    a.    A Charge of Discrimination, based on sex discrimination and retaliation, was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of the last act of discrimination. (See Charge of Discrimination attached hereto as Exhibit A.)

    b.    On or about February 25, 2009, the EEOC made a finding in favor of Ms. Brownstein, and determined that the evidence obtained in the EEOC's investigation established reasonable cause to believe that Medline retaliated against Ms. Brownstein, in violation of Title VII, when it terminated her employment. (See Determination attached hereto as Exhibit B.)

    c.    After conciliation efforts failed, Ms. Brownstein received a Notice of Right to Sue from the EEOC, on or about March 16, 2009. (See Notice of Right to Sue, attached hereto as Exhibit C.)

    d.    Ms. Brownstein filed this Complaint within 90 days of receiving the Notice of Right to Sue letter from the EEOC.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because the acts complained of and the events at issue all took place in this district.

### III. PARTIES

5. Ms. Brownstein is a female citizen of the United States and was a resident of Lake County, Illinois at all times relevant to this Complaint.

6. Medline is a domestic corporation organized under the laws of Illinois, doing business in this judicial district. Medline is an "employer" within the meaning of Title VII, U.S.C. §2000e(b). Medline is a "covered entity" within the meaning of Title VII, and is a "person" within the meaning of 42 U.S.C. §2000e(a).

7. Medline employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

8. At all times relevant and material, Ms. Brownstein was employed by Medline as an "employee" within the meaning of the FLSA, 29 U.S. C. §203(e)(1).

9.     At all times relevant and material, Medline was Ms. Brownstein's "employer" subject to the FLSA, 29 U.S.C. §203(d).

10.    Medline is an "enterprise" as defined by section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §203(s)(1)(A). Within the last three years, Medline's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

11.    Defendant Becker ("Becker"), a male, is Medline's Vice President of Human Resources and is involved in the day-to-day business operations of Medline. Among other things, Becker has the authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including payroll accounts, and to participate in decisions regarding employee compensation and capital expenditures. Defendant Becker is an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

12.    Defendant Becker resides in this judicial district.

**IV.    FACTS COMMON TO ALL COUNTS**

13.    Ms. Brownstein began working part-time for Medline on May 3, 2006, as an EEO/AAP Specialist, and was paid as an hourly employee.

14.    Ms. Brownstein reported directly to Becker.

15.    On September 18, 2007, at approximately 10:00 a.m., Alex Liberman ("Liberman"), a male, Medline's General Counsel, told Ms. Brownstein that her employment was terminated, effective immediately.

**COUNT I**
**TITLE VII – RETALIATION**
**(Against Defendant Medline)**

16.   Ms. Brownstein restates and realleges Paragraphs 1 through 15 of this Complaint.

17.   In an email to Dave Farlee ("Farlee"), a male, Medline's Director of Compensation & Benefits, dated September 14, 2007, which was copied to Becker, Ms. Brownstein requested a benefits statement that was to be produced by Medline in response to a discovery request in the pending matter of *Miller v. Medline.*

18.   When Farlee responded that the Payroll Department created the document Ms. Brownstein was requesting, Becker instructed Ms. Brownstein to obtain the information from David Bernier ("Bernier"), a male, Medline's Director of Payroll Operations.

19.   Bernier refused to provide the information to Ms. Brownstein.

20.   Ms. Brownstein repeatedly attempted to explain to Becker that Bernier refused to provide the information requested.

21.   Becker consistently ignored Ms. Brownstein's efforts to explain that Bernier was uncooperative with her.

22.   Based upon information and belief, Bernier was not disciplined or even questioned by Becker for his failure to provide the information to Ms. Brownstein.

23.   At all times relevant, Ms. Brownstein was consistently treated in a rude, disrespectful and humiliating manner by Becker.

24.   Based upon Ms. Brownstein's observations of Becker's treatment of males, including, but not limited to, Bernier, Ms. Brownstein believed that she was treated in a rude, disrespectful and humiliating manner by Becker because of her gender.

25. On September 14, 2007, Ms. Brownstein complained to Farlee, that she was having difficulty working with Becker because he was demeaning to her and she observed that Becker did not like having women report to him.

26. In response, Farlee suggested Ms. Brownstein sit down and talk with Becker about her concerns.

27. Ms. Brownstein told Farlee that she had previously tried to talk with Becker and her efforts were unsuccessful.

28. Ms. Brownstein also told Farlee that Becker had yelled at her earlier that afternoon.

29. Ms. Brownstein further stated that because of Becker's unfair treatment of her, she sometimes felt physically ill while at work.

30. On September 17, 2007, at approximately 3:30 pm, Ms. Brownstein met with James Abrams ("Abrams"), a male, Medline's Chief Operating Officer, regarding her complaints about Becker.

31. Ms. Brownstein told Abrams about Bernier's repeated refusal to provide her with the benefits statement and Becker's steadfast insistence that Ms. Brownstein obtain the information from Bernier.

32. Ms. Brownstein told Abrams that she believed that Becker treated her unfairly because she is a woman.

33. Based upon information and belief, Abrams met with Becker and Liberman following his meeting with Ms. Brownstein.

34. Based upon information and belief, Abrams told Becker and Liberman that he met earlier that day with Ms. Brownstein.

35. Less than 24 hours later, at approximately 10:00 a.m. on September 18, 2007, Liberman called Ms. Brownstein into a meeting to allegedly speak to her about her conversation with Abrams.

36. At this meeting, Liberman told Ms. Brownstein that he had to terminate her employment effective immediately.

37. By the acts and/or omissions alleged herein, Medline violated Title VII.

38. Medline committed these violations of Title VII with malice or reckless indifference to the federally protected rights of Ms. Brownstein.

39. As a proximate result of the foregoing facts, Ms. Brownstein lost her job, wages, employment benefits and suffered pain.

**WHEREFORE**, Plaintiff Beth Brownstein prays for:

    a. Reinstatement to her position as EEO/AAP Specialist or a comparable position or, in the alternative, pay for lost future earnings for a reasonable amount of time into the future;

    b. Wages, employment benefits, and other compensation lost to her as a result of Medline's violations of Title VII;

    c. Compensatory damages in an amount to be determined at trial;

    d. Prejudgment interest at the prevailing rate from the date of termination to the date of judgment on the award of wages, salary, employment benefits and other compensation lost to her as a result of Medline's violations of Title VII;

    e. A permanent injunction enjoining Medline from engaging in the discriminatory/retaliatory practices complained of herein;

    f. A permanent injunction requiring Medline to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. 2000e *et seq*.;

    g. Punitive damages as allowed by law;

    h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

   i.  Such other relief as the Court may deem just and appropriate.

## COUNT II
## VIOLATIONS OF FLSA AND PORTAL-TO-PORTAL ACT
**(Against All Defendants)**

40. Ms. Brownstein repeats and realleges paragraphs 1 through 15 of this Complaint.

41. During the course of her employment with Defendants, Ms. Brownstein was not exempt from the FLSA and the Portal-to-Portal Act.

42. On July 18, 2006, Ms. Brownstein traveled directly from her home in Grayslake, Illinois to the EEOC office located in Chicago, Illinois, on Medline business.

43. Ms. Brownstein's travel time from her home to the EEOC was one hour and forty-five minutes.

44. On three separate occasions during her employment with Medline, Ms. Brownstein traveled out of state on Medline business.

45. Ms. Brownstein's total travel time for the three separate occasions she traveled out of state on Medline business was 29 hours.

46. Pursuant to the FLSA and the Portal-to-Portal Act, Defendants shall pay Ms. Brownstein for all hours spent commuting and in transit on Medline business.

47. Defendants did not compensate Ms. Brownstein for her hours spent commuting and in transit on Medline business.

48. Defendants' failure and refusal to compensate Ms. Brownstein for her hours spent commuting and in transit on Medline business was a violation of the FLSA and the Portal-to-Portal Act.

49. Defendants willfully violated the FLSA and the Portal-to-Portal act by refusing to pay Ms. Brownstein compensation for all hours spent commuting and in transit on Medline business.

**WHEREFORE**, Plaintiff Beth Brownstein prays for:

    a.    All wages due and owing Ms. Brownstein to compensate her for time spent commuting and in transit on Medline business;

    b.    Liquidated damages in an amount equal to the amount of unpaid wages found due and owed to Ms. Brownstein;

    c.    Reasonable attorneys' fees and costs incurred in filing this action; and

    d.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 11, 2009

/s/Laurie J. Wasserman
Laurie J. Wasserman
Attorney for Plaintiff Beth Brownstein

Laurie J. Wasserman, #3124845
ljw@webemploymentlaw.com
Carol G. Silverman, #6189650
cgs@webemploymentlaw.com
Law Offices of Laurie J. Wasserman
9933 Lawler Avenue, Suite 122
Skokie, Illinois 60077-3703
Telephone: (847) 674-7324
Facsimile: (847) 674-6684
www.webemploymentlaw.com

**JURY DEMAND**
Plaintiff demands a jury to hear and decide all issues of fact.